UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MFREVF-LOFTS AT SODO LLC,

    Plaintiff,

v.                                                     Case No: 6:18-cv-1419-Orl-41TBS

RICHARD STANLEY,

    Defendant.

## REPORT AND RECOMMENDATION

This case comes before the Court on review of a Notice of Removal (Doc. 1) filed by *pro se* Defendant, Richard Stanley, of a county court tenant eviction complaint (Doc. 2). Defendant seeks to proceed in this Court as a pauper (Doc. 5). There are multiple problems with this case. Here, I focus solely on the Court's lack of jurisdiction, and respectfully recommend that the case be **REMANDED** for lack of jurisdiction.

### Background

On May 11, 2018, Plaintiff filed, in state court, a complaint to evict Defendant for failure to pay rent on a residential apartment (Doc. 2). Defendant, through counsel, filed an answer on May 31, 2018 (Doc. 1-2 at 73-74). The parties litigated the matter in state court and defense counsel withdrew on August 9, 2018 (Doc. 1-2 at 24). Plaintiff moved for entry of default judgment (Doc. 1-2 at 14-15). Final judgment for possession was entered by the state court (Doc. 1-2 at 13), and a writ of possession was issued, on August 22, 2018 (Doc. 1-2 at 12). Defendant then filed an Emergency Motion to Stay Execution of the judgment and writ (Doc. 1-2 at 5), which was apparently denied by the state court on August 23, 2018 (Doc. 1-2 at 3). Defendant filed a Notice of Appeal in the

county court (Doc. 1-2 at 2). On August 29, 2018, he removed the case to this Court, asserting that the state court lacks jurisdiction over the eviction based on, among other things, diversity of citizenship and "violation of federal law or statute such as the Americans with Disability Act (ADA), the Federal Fair Housing Act (FHA), or that the landlord has engaged in some type of discriminatory or retaliatory conduct prohibited by federal statute." (Doc. 1 at 3).

## Discussion

Federal court removal is governed by 28 U.S.C. § 1441(a), which states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

Procedurally, removal is governed by Title 28 U.S.C. § 1446, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 which provides:

> 1) The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant, through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added).

> 3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.§ 1446 (b)(3).

Removal statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). See also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. Williams, 269 F.3d at 1321.

Defendant's notice of removal is a hodge-podge of citations and assertions, but construed liberally, he alleges that this Court has federal question jurisdiction under 28 U.S.C. § 1441, and diversity jurisdiction under § 1332(a). Neither claim has merit.

Defendant asserts federal question jurisdiction due to "violation of federal law or statute such as the Americans with Disability Act (ADA), the Federal Fair Housing Act (FHA), or that the landlord has engaged in some type of discriminatory or retaliatory conduct prohibited by federal statute" (Doc. 1 at 3). Assuming the truth of this statement, it does not establish federal question jurisdiction for purposes of removal, as removal jurisdiction is determined "based on the plaintiff's pleadings at the time of removal." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997). "[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises

under' federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983) (emphasis original). As the Eleventh Circuit has explained:

> **A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint.** See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 11, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983). This is known as the "well-pleaded complaint" rule, because it directs our focus to the terms of the complaint as the plaintiff chooses to frame it. **If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court.** 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3566 (1984).
>
> Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid. See, Franchise Tax Board, 463 U.S. at 25-28, 103 S.Ct. at 2854-56 (holding that e.g., ERISA preemption defense, without more, does not create removal jurisdiction).

Kemp v. Int'l Bus. Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997) (emphasis added). No federal question appears on the face of Plaintiffs' county court complaint.

This dispute is also not within the Court's diversity jurisdiction. A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. See Owen Equip. and Recreation Co. v. Kroger, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). For diversity purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its

principal place of business. 28 U.S.C. § 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has determined that "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 130 S.Ct. 1181, 1192- 93, 175 L.Ed.2d 1029 (2010) (establishing "nerve center" test as uniform approach for determining corporate citizenship). A limited liability company, however, is "a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

Here, there are no jurisdictional allegations to support a finding of diversity and Defendant has failed to establish the citizenship of each and every member of the LLC. Moreover, there is no showing that the required amount in controversy has been satisfied, and evidence from the state court proceeding that it has not. The case was filed in county court. The jurisdiction of county courts in Florida extends to evictions and civil disputes involving $15,000 or less. See FLA. STAT. §§ 34.01; 34.011. The complaint asserts "total rent due- $2,416.59." (Doc. 2 at 1).

Lastly, even if there was a basis for subject matter jurisdiction, Defendant did not timely remove the case to this Court. Defendant did not act until after final judgment was entered and now an appeal may be pending. Defendant does not cite any authority sufficient to establish a right to remove a case in this posture.

Simply put, there is no basis for removal of this case to this Court. Defendant's purported removal is frivolous as a matter of law.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that Defendants' *in forma pauperis* motion be denied for lack of jurisdiction, and that this case be promptly **remanded** for improvident removal.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 4, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties